814 So.2d 1158 (2002)
Sylvia MARMAN a/k/a Sylvia Maraman, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1743.
District Court of Appeal of Florida, Second District.
April 12, 2002.
Daniel M. Hernandez, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellee.
BLUE, Chief Judge.
Sylvia Marman was indicted for first-degree murder. Following a jury trial, she was convicted of second-degree murder. Because the trial court refused to allow defense counsel to present closing argument based on a given jury instruction, we reverse and remand for a new trial.
A recitation of the details of the evidence presented at trial is not necessary to the resolution of the issue presented in this appeal. At the jury charge conference, held prior to closing arguments, defense counsel requested a jury instruction on justifiable use of deadly force. The trial judge was reluctant to give the instruction. The State argued that the instruction was necessary and the judge agreed to give the instruction. Thereafter, however, the State requested that the judge prohibit the defense from making any closing argument about the justifiable use of deadly force because there was insufficient evidence to support the argument. *1159 The judge agreed with the State that there was insufficient evidence of self-defense and refused to allow defense counsel to argue justifiable use of deadly force during closing arguments.
It is error to deny the defense the opportunity to argue to the jury for a decision based on the law as instructed, no matter how far-fetched the argument might be. "Closing arguments are the last and best opportunity trial counsel have to directly address the jury on what they should or should not decide within the parameters of the proper instructions the jury is about to receive from the trial judge." King v. State, 642 So.2d 649, 650 (Fla. 2d DCA 1994). It simply makes no sense to prohibit closing argument on an instruction the court intends to give the jury. If an instruction is given to the jury, counsel must be given an opportunity to address the jury on the matter. "One of the purposes of closing arguments is to give the attorneys the opportunity to tie together for the jury the law and the facts so that the jury can give the proper legal weight to the evidence in reaching its verdict." Seckington v. State, 424 So.2d 194, 195 (Fla. 5th DCA 1983). We do not decide whether the instruction was properly given, but rather, that once given, it was error to not allow the defense counsel to argue it to the jury.
Because defense counsel was prohibited from arguing justifiable use of deadly force to the jury, we are unable to find that the trial court's error was harmless beyond a reasonable doubt. Accordingly, we reverse and remand for a new trial on second-degree murder.
STRINGER, J., Concurs.
SALCINES, J., Concurs in result only.