PER CURIAM.
Pursuant to the procedures this Court established in Amendments to the Florida Family Law Rules of Procedure and Family Law Forms, 810 So.2d 1 (Fla.2000), this Court has internally reviewed the Florida Supreme Court Approved Family Law Forms and has decided to amend certain forms to reflect 2002 legislative changes to sections 741.30 and 741.2902, Florida Statutes (2001). We have jurisdiction. See art. V, § 2(a), Fla. Const.
The 2002 Florida Legislature enacted amendments to Florida Statutes sections 741.30 and 741.2902 to prohibit filing fees in domestic violence actions. See eh.2002-55, §§ 11-12, Laws of Fla. Therefore, consistent with these changes in the law, we amend Florida Supreme Court Approved Family Law Forms 12.980(b) (Petition for Injunction for Protection Against Domestic Violence), 12.980(d)(1) (Temporary Injunction for Protection Against Domestic Violence With Minor Child(ren)), 12.980(d)(2) (Temporary Injunction for Protection Against Domestic Violence Without Minor Child(ren)), 12.980(e)(1) (Final Judgment of Injunction for Protection Against Domestic Violence With Minor Child(ren)), 12.980(e)(2) (Final Judgment of Injunction for Protection Against Domestic Violence Without Minor Child(ren)), and 12.980(f) (Order of Dismissal of Temporary Injunction for Protection) to eliminate any language regarding filing fees in domestic violence actions. Further, Florida Su *73 preme Court Approved Family Law Form 12.980(a) (Affidavit and Motion for Waiver of Fees for Petition for Injunction for Protection) currently addresses filing fees for cases that involve either domestic violence or repeat violence. See § 784.046, Fla. Stat. (2001) (action by victim of repeat violence for protective injunction). With this opinion, and consistent with the changes in the law, we amend form 12.980(a) to henceforth apply only to actions involving repeat violence. Thus, the form shall be retitled “Affidavit and Motion for Waiver of Fees for Petition for Injunction for Protection Against Repeat Violence.” The forms are amended as set forth in the Appendix to this opinion, effective for immediate use.
We express no opinion as to the correctness or applicability of the forms or on the substance of the amendments. This opinion and the forms discussed herein may be accessed and downloaded from this Court’s website at www.flcourts.org.
It is so ordered.
ANSTEAD, C.J., SHAW, WELLS, PARIENTE, LEWIS, QUINCE, and CANTERO, JJ., concur.
APPENDIX
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(a), AFFIDAVIT AND MOTION FOR WAIVER OF FEES FOR PETITION FOR INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE
When should this form be used?
If you need to file a petition for an injunction for protection against repeat violence and you do not have enough money to pay filing fees to the clerk of the circuit court or service fees to the sheriff, you may use this form to request that the fees be waived. Later, the court will decide who, if anyone, should pay those fees.
This form should be typed or printed in black ink. You should complete the first section of this form, and sign it in front of a notary public or deputy clerk. You should then file the original of this form with your petition for injunction for protection. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do next?
A copy of this form must be mailed, faxed and mailed, or hand delivered to the respondent in your case.
Special notes ...
With this form you will also need to file the following:
• Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
Form 12.980(a)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
*74 [[Image here]]
*75 INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(b), PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE
When should this form be used?
If you are a victim of any act of domestic violence or have reasonable cause to believe that you are in imminent danger of becoming a victim of domestic violence, you can use this form to ask the court for a protective order prohibiting domestic violence. Because you are making a request to the court, you are called the petitioner. The person whom you are asking the court to protect you from is called the respondent. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to petitioner by any of petitioner’s family or household members who are residing in the same single dwelling unit with petitioner.
The domestic violence laws only apply to your situation if the respondent is your spouse, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren), whether or not you have ever been married or ever lived together. If the respondent is not one of the above, you should look at Petition for Injunction for Protection Against Repeat Violence, ^ □ Florida Supreme Court Approved Family Law Form 12.980(g), to determine if your situation will qualify for an injunction for protection against repeat violence.
If you are under the age of eighteen and you have never been married or had the disabilities of nonage removed by a court, then one of your parents or your legal guardian must sign this petition with you.
This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it in front of a notary public or the clerk of the circuit court in the county where you live. The clerk will take your completed petition to a judge. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do if the judge grants my petition?
If the facts contained in your petition convince the judge that you are a victim of domestic violence or that an imminent danger of domestic violence exists, the judge will sign an immediate Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.980(d)(1). A temporary injunction is issued without notice to the respondent. The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for personal service on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full hearing can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain service on the respondent.
The temporary injunction is issued “ex parte.” This means that the judge has considered only the information presented by one side — YOU. The temporary injunction gives a date that you should ap *76 pear in court for a hearing.- At.that hearing, you will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren) (After Notice), % □ Florida Supreme Court Approved Family Law Form 12.980(e)(1), which will remain in effect for a specific time period or until modified or dissolved by the court. If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including the imposition of court costs. If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. Make sure that you keep one certified copy of the injunction with you at all times!
What can I do if the judge denies my petition?
If your petition is denied on the grounds that it appears to the court that no imminent danger of domestic violence exists, the court will set a full hearing, at the earliest possible time, on your petition. The respondent will be notified by personal service of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a Supplemental Affidavit in Support of Petition for Injunction for Protection Against Domestic Violence or Repeat Violence, Florida Family Law Form 12.980(h); attend the hearing and present facts that support your petition; and/or dismiss your petition.
Where can I look for more information?
Before proceeding, you should read “General Information for Self Represented Litigants” found at the beginning of these forms. The words that are in “bold underline are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary- domestic violence forms and can give you information about local domestic violence victim assistance programs, shelters, and other related services. You may also call the Domestic Violence Hotline at 1-800-500-1119. For further information, see chapter 741, Florida Statutes, and rule 12.610, Florida Family Law Rules of Procedure.
Special notes ...
With this form you may also need to file the following:
• Uniform Child Custody Jurisdiction Act (UCCJA) Affidavit, % □ Florida Supreme Court Approved Family Law Form 12.902(d), must be completed and filed if you are asking the court to determine issues of temporary custody or visitation with regards to a minor ehild(ren).
• Notice of Social Security Number, % □ Florida Supreme Court Approved Family Law Form 12.902(j), must be completed and filed if you are'asking the court to determine issues of temporary child support.
• Family Law Financial Affidavit, % □ Florida Family Law Rules of Procedure Form 12.902(b) or (c), must be completed and filed if you are seeking temporary alimony or temporary child support.
• Child Support Guidelines Worksheet, ^ □ Florida Family Law Rules of Procedure Form 12.902(e), MUST be filed with the court at or prior to a hearing to establish or modify child support.
*77 Additionally, if you fear that disclosing your address to the respondent would put you in danger, you should complete Petitioner’s Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(i), and file it with the clerk of the circuit court and write “confidential” in the space provided on the petition.
Form 12.980(b)
[[Image here]]
*78 [[Image here]]
*79 [[Image here]]
*80 [[Image here]]
*81 [[Image here]]
*82 [[Image here]]
TEMPORARY INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITH MINOR CHILD(REN)
The Petition for Injunction for Protection Against Domestic Violence under section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter under the laws of Florida.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
NOTICE OF HEARING
Because this Temporary Injunction for Protection Against Domestic Violence has been issued without prior notice to Respondent, Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on {date}_, at_a.m./p.m., when the Court will consider whether the Court should issue a Final Judgment of Injunction for Protection Against Domestic Violence, which would remain in effect until modified or dissolved by the Court, and whether other things should be ordered, including, for example, such *83 matters as visitation and support. The hearing will be before The Honorable {name}_, at {room name/number, location, address, city}_, Florida. If Petitioner and/or Respondent do not appear, this temporary injunction may be continued in force, extended, dismissed, and/or additional orders may be granted, including the imposition of court costs.
All witnesses and evidence, if any, must be presented at this time. In cases where temporary support issues have been alleged in the pleadings, each party is ordered to bring his or her financial affidavit □ Florida Family Law Rules of Procedure Form 12.902(b) or (c)), tax return, pay stubs, and other evidence of financial income to the hearing.
NOTICE: Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense.
YOU ARE ADVISED THAT IN THIS COURT:
_.a. a court reporter is provided by the court.
_b. electronic audio tape recording only is provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
_c. no electronic audio tape recording or court reporting services are provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL. THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact {name}_, {address}_, {telephone}_, within 2 working days of your receipt of this temporary injunction. If you are hearing or voice impaired, call TDD 1-800-955-8771.
FINDINGS
The statements made under oath by Petitioner make it appear that section 741.30, Florida Statutes, applies to the parties. It also appears that Petitioner is a victim of domestic violence by Respondent, and/or Petitioner has reasonable cause to believe he/she is in imminent danger of becoming a victim of domestic violence by Respondent, and that there is an immediate and present danger of domestic violence to Petitioner or persons lawfully with Petitioner.
TEMPORARY INJUNCTION AND TERMS
This injunction shall be effective until the hearing set above and in no event for longer than 15 days, unless extended by court order. This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.
Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment. Certain *84 willful violations of the terms of this injunction, such as: refusing- to vacate the dwelling that the parties share; going to Petitioner’s residence, place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes. In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18 U.S.C. § 2262.
ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner’s family or household members who are residing in the same single dwelling unit with Petitioner. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.
[[Image here]]
3. Firearms.
[Initial all that apply; write N/A if does not apply]
_ a. Respondent shall not use or possess a firearm or ammunition.
_ b. Respondent shall surrender any firearms and ammunition in the Respondent’s possession to the_ County Sheriffs Department until further order of the court.
*85 [[Image here]]
*86 [[Image here]]
*87 [[Image here]]
*88 [[Image here]]
TEMPORARY INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITHOUT MINOR CHILD(REN)
The Petition for Injunction for Protection Against Domestic Violence under section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter under the laws of Florida.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
NOTICE OF HEARING
Because this Temporary Injunction for Protection Against Domestic Violence has been issued without prior notice to Respondent, Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on {date}_, at_a.m./p.m., when the Court will consider whether the Court should issue a Final Judgment of Injunction for Protection Against Domestic Violence, which would remain in effect until modified or dissolved by the Court, and whether other things should be ordered, including, for example, such matters as support. The hearing will be before The Honorable {name}_, at {room name/number, location, address, city}_, Florida. If Petitioner and/or Respondent do not appear, this temporary injunction may be continued in force, extended, dismissed, and/or additional orders may be granted, including the imposition of court costs.
All witnesses and evidence, if any, must be presented at this time. In cases where temporary support issues have been alleged in the pleadings, each party is ordered to bring his or her financial affidavit (%> □ Florida Family Law Rules of Procedure Form 12.902(b) or (c)), tax return, pay stubs, and other evidence of financial income to the hearing.
NOTICE: Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense.
YOU ARE ADVISED THAT IN THIS COURT:
_a. a court reporter is provided by the court.
*89 _b. electronic audio tape recording only is provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
_c. no electronic audio tape recording or court reporting services are provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL. THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact {name}_, {address} _, {telephone} _, within 2 working days of your receipt of this temporary injunction. If you are hearing or voice impaired, call TDD 1-800-955-8771.
FINDINGS
The statements made under oath by Petitioner make it appear that section 741.80, Florida Statutes, applies to the parties. It also appears that Petitioner is a victim of domestic violence by Respondent, and/or Petitioner has reasonable cause to believe he/she is in imminent danger of becoming a victim of domestic violence by Respondent, and that there is an immediate and present danger of domestic violence to Petitioner or persons lawfully with Petitioner.
TEMPORARY INJUNCTION AND TERMS
This injunction shall be effective until the hearing set above and in no event for longer than 15 days, unless extended by court order. This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.
Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment. Certain willful violations of the terms of this injunction, such as: refusing to vacate the dwelling that the parties share; going to Petitioner’s residence, place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes. In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18 U.S.C. § 2262.
ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent -shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, false imprisonment, or any other criminal offense resulting in physical injury or *90 death to Petitioner or any of Petitioner’s family or household members who are residing in the same single dwelling unit with Petitioner. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.
[[Image here]]
NOTE: RESPONDENT IS ADVISED THAT, IF A PERMANENT INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE IS ISSUED FOLLOWING A HEARING REGARDING THIS MATTER, IN MOST CASES IT WILL BE A VIOLATION OF § 790.233, FLORIDA STATUTES, AND A FIRST DEGREE MISDEMEANOR, FOR RESPONDENT TO HAVE IN HIS OR HER CARE, CUSTODY, POSSESSION OR CONTROL ANY FIREARM OR AMMUNITION. ADDITIONALLY, IT WILL BE A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION. 18 U.S.C. § 922(g)(8).
4.Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her mailing address within ten (10) days of the change. All further papers (excluding the final injunction, if entered without Respondent being present at the hearing, and pleadings requiring personal service) shall be served by mail to Respondent’s last known address. - Such service by mail *91 shall be complete upon mailing. Rule 12.080, Fla.Fam. L.R.P., section 741.30, Florida Statutes.
[[Image here]]
TEMPORARY SUPPORT
Temporary support, if requested by Petitioner in the Petition for Injunction for Protection Against Domestic Violence, will be addressed by the Court after notice to Respondent and hearing on the matter.
OTHER SPECIAL PROVISIONS

(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)

DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION

*92
(Provisions in this injunction that do not include a line for the judge to either initial or write N/A are considered mandatory provisions and should be interpreted to be part of this injunction.)

1. The Sheriff of _ County, or any other authorized law enforcement officer, is ordered to serve this temporary injunction upon Respondent as soon as possible after its issuance.
2. This injunction is valid in all counties of the State of Florida. Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions which constitutes a criminal act under section 741.31, Florida Statutes.
3. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES. The arresting agent shall notify the State Attorney’s Office immediately after arrest.
4. Reporting alleged violations. If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney’s office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.
[[Image here]]
Form 12.980(e)(1)
IN THE CIRCUIT COURT OF THE_JUDICIAL CIRCUIT, IN AND FOR_COUNTY, FLORIDA
*93 [[Image here]]
FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITH MINOR CHILD(REN) (AFTER NOTICE)
The Petition for Injunction for Protection Against Domestic Violence under section 74Í.3&, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter.
It is. intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian, tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
HEARING
This cause came before the Court for a hearing to determine whether an Injunction for Protection Against Domestic Violence in this case should be ( ) issued ( ) modified ( ) extended.
The hearing was attended by() Petitioner () Respondent
() Petitioner’s Counsel () Respondent’s Counsel
FINDINGS
On {date} __, a notice of this hearing was served on Respondent together with a copy of Petitioner’s petition to this Court and the temporary injunction, if issued. Service was within the time required by Florida law, and Respondent was afforded an opportunity to be heard.
After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds, based on the specific facts of this ease, that Petitioner is a victim of domestic violence or has reasonable cause to believe that he/she is in imminent danger of becoming a victim of domestic violence by Respondent.
INJUNCTION AND TERMS
This injunction shall be in full force and effect until( ) further order of the Court or ( )_This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction at any time.
Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment. Certain willful violations of the terms of this injunction, such as: refusing to vacate the dwelling that the parties share; going to Petitioner’s residence, place of employment, school, or other place prohibited in this injunction; telephoning, *94 contacting or communicating with Petitioner if prohibited by this injunction; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes. In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18 U.S.C. § 2262.
ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner’s family or household members who is residing in the same single dwelling unit with Petitioner. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.
[[Image here]]
3. Firearms. Unless paragraph a. is initialed below, Respondent shall not have in his or her care, custody, possession or control any firearm or ammunition. It is a violation of section 790.233, Florida Statutes, and a first degree misdemeanor, for the respondent to have in his or her care, custody, possession or control any firearm or ammunition.
[Initial if applies; Write N/A if not applicable]
_ a. Respondent is a state or local officer as defined in section 943.10(14), Florida Statutes, who holds an active certification, who receives or possesses a firearm or ammunition for use in performing official duties on behalf of the officer’s employing agency and is not prohibited by the court from having in *95 his or her care, custody, possession or control a firearm or ammunition. The officer’s employing agency may prohibit the officer from having in his or her care, custody, possession or control a firearm or ammunition.
[[Image here]]
*96 [[Image here]]
*97 [[Image here]]
*98 [[Image here]]
*99 [[Image here]]
OTHER SPECIAL PROVISIONS

(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)

DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION

(Provisions in this injunction that do not include a line for the judge to either initial or write N/A are considered mandatory provisions and should be interpreted to be part of this injunction.)

1. This injunction is valid in all counties of the State of Florida. Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions, except those regarding child support and/or alimony, which constitutes a criminal act under section 741.31, Florida Statutes. When inconsistent with this order, any subsequent court order issued under Chapter 61, Florida Statutes, shall take precedence *100 over this order on all matters relating to property division, alimony, child custody, or child support.
2. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA, AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES. The arresting agent shall notify the State Attorney’s Office immediately after arrest.
3. Reporting alleged violations. If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney’s office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.
4. Respondent, upon service of this injunction, shall be deemed to have knowledge of and to be bound by all matters occurring at the hearing and on the face of this injunction.
5. The temporary injunction, if any, entered in this case is extended until such time as service of this injunction is effected upon Respondent.
[[Image here]]
*101 [[Image here]]
FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITHOUT MINOR CHILD(REN) (AFTER NOTICE)
The Petition for Injunction for Protection Against Domestic Violence under section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
HEARING
This cause came before the Court for a hearing to determine whether an Injunction for Protection Against Domestic Violence in this case should be ( ) issued ( ) modified ( ) extended.
The hearing was attended by() Petitioner () Respondent
() Petitioner’s Counsel () Respondent’s Counsel
FINDINGS
On {date}_, a notice of this hearing was served on Respondent together with a copy of Petitioner’s petition to this Court and the temporary injunction, if issued. Service was within the time required by Florida law, and Respondent was afforded an opportunity to be heard.
After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds, based on the specific facts of this case, that Petitioner is a victim of domestic violence or has reasonable cause to believe that *102 he/she is in imminent danger of becoming a victim of domestic violence by Respondent.
INJUNCTION AND TERMS
This injunction shall be in full force and effect until ( ) further order of the Court ( )_This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction at any time.
Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment. Certain willful violations of the terms of this injunction, such as: refusing to vacate the dwelling that the parties share; going to Petitioner’s residence, place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes. In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18 U.S.C. § 2262.
ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner’s family or household members who is residing in the same single dwelling unit with Petitioner. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.
[[Image here]]
*103 [[Image here]]
NOTE: RESPONDENT IS ADVISED THAT IT IS A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION. 18 U.S.C. § 922(g)(8).
4. Evaluation/Counseling.
[Initial all that apply; write N/A if does not apply]
a. The Court finds that Respondent has:
_ i. willfully violated the ex parte injunction;
_ ii. been convicted of, had adjudication withheld on, or pled nolo conten-dere to a crime involving violence or a threat of violence; and/or
— iii. in this state or any other state, had at any time a prior injunction for protection entered against the respondent after a hearing with notice.

Note: If respondent meets any of the above enumerated criteria, the Court must order the Respondent to attend a batterers’ intervention program unless it makes written factual findings stating why such a program would not be appropriate. See § 711.30(6)(d), Florida Statutes.

b. Within ( )10 days ( ) days, (but no more than 10 days) of the date of this injunction, Respondent shall enroll in and thereafter without delay complete the following, and Respondent shall provide proof of such enrollment to the Clerk of Circuit Court within ( )30 days ( ) days, (but no more than 30 days) of the date of this injunction:
— i. A certified batterers’ intervention program from a list of programs to be provided by the Court or any entity designated by the Court. Respondent shall also successfully complete any substance abuse or mental health evaluation that the assessing program counselor deems necessary as a predicate to completion of the batterers’ intervention program.
_ ii. A substance abuse evaluation at: _ or a similarly qualified facility and any substance abuse treatment recommended by that evaluation.
_ iii. A mental health evaluation by a licensed mental health professional at: _ *104 or any other similarly qualified facility and any mental health treatment recommended by that evaluation.
[[Image here]]
*105 [[Image here]]

*106
(Provisions in this injunction that do not include a line for the judge to either initial or write NIA are considered mandatory provisions and should be interpreted to be part of this injunction.)

1. This injunction is valid in all counties of the State of Florida. Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions, except those regarding child support and/or alimony, which constitutes a criminal act under section 741.31, Florida Statutes. When inconsistent with this order, any subsequent court order issued under Chapter 61, Florida Statutes, shall take precedence over this order on all matters relating to property division, alimony, child custody, or child support.
2. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA, AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES. The arresting agent shall notify the State Attorney’s Office immediately after arrest.
3. Reporting alleged violations. If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney’s office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.
4. Respondent, upon service of this injunction, shall be deemed to have knowledge of and to be bound by all matters occurring at the hearing and on the face of this injunction.
5. The temporary injunction, if any, entered in this case is extended until such time as service of this injunction is effected upon Respondent.
[[Image here]]
*107 [[Image here]]
*108 [[Image here]]