912 So.2d 66 (2005)
Avery WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-995.
District Court of Appeal of Florida, Fourth District.
September 28, 2005.
*67 Carey Haughwout, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Avery Williams appeals his conviction of burglary of a structure with a battery, after a jury trial. We reverse the conviction because of the limitations imposed both on the cross-examination of the victim and on the defendant's ability to fully present his theory of the case during closing argument.
The crime arose after Williams entered an enclosed car repossession compound, attempted to steal a car, and was confronted by the owner, Edward Leb. That confrontation led to a physical altercation.
The defense's attack on Leb's credibility hinged on unrelated criminal charges that were pending against Leb at the time of the altercation. Some of the charges remained pending at the time of Williams's trial. The defense theory was that Leb lied about his altercation with Williams, and what Williams had done before the fight, to minimize his own potential criminal exposure.
Williams's counsel cross-examined Leb about his pending charges. However, the trial court prevented the defense from asking Leb whether he knew that his existing *68 bond would have been revoked had he been arrested for the incident.
This line of questioning was proper since it went to the motive behind Leb's initial report of the incident to the police. Section 90.608(2), Florida Statutes (2004), provides that any party may attack the credibility of a witness by "[s]howing that the witness is biased." Matters that demonstrate bias include prejudice, an interest in the outcome of a case, and any motivation for a witness to testify untruthfully. See Jones v. State, 678 So.2d 890, 892-93 (Fla. 4th DCA 1996). Because liberty is at risk in a criminal case, a defendant is afforded wide latitude to develop the motive behind a witness's testimony. See Livingston v. State, 678 So.2d 895, 897-98 (Fla. 4th DCA 1996). The ability to expose an improper impetus for a witness's testimony is an essential component of the right to a jury trial. See Holt v. State, 378 So.2d 106, 108 (Fla. 5th DCA 1980) ("exposure of [witness's] motivation in testifying is a proper function of constitutionally protected right of cross-examination."); Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). For these reasons, the trial court abused its discretion in limiting the cross-examination of the victim.
A second, more significant problem arose during closing argument, when the trial court sustained objections that prevented defense counsel from arguing that Leb was the true criminal, having attacked Williams, and that Leb fabricated his story to avoid getting in further trouble on top of his existing charges. There was a basis in the evidence to argue that Leb was the aggressor; one of the officers who responded to the scene saw Leb, with a shock absorber in his hand, standing over Williams and holding him to the ground.
Both the prosecutor and defense counsel are granted wide latitude in closing argument. See Ford v. State, 802 So.2d 1121, 1129 (Fla.2001). No area is more deserving of "wide latitude" than the defendant's ability in a criminal case to argue the "credibility and biases of the witnesses who testified at trial." Goodrich v. State, 854 So.2d 663, 665 (Fla. 3d DCA 2003). For a criminal defendant, "closing argument is the last clear chance to persuade the trier of fact that there may be reasonable doubt" of guilt. Herring v. New York, 422 U.S. 853, 862, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975) (internal citations omitted).
A well-recognized way that a defendant may raise a reasonable doubt is to argue that pending criminal charges have influenced a witness's cooperation with the state. See Blanco v. State, 353 So.2d 602, 604 (Fla. 3d DCA 1977). To explore more subtle motivations, a defendant may cross-examine to bring out a witness's hope to obtain favorable treatment from the state. For example, in Watts v. State, 450 So.2d 265, 268 (Fla. 2d DCA 1984), the second district held that a key state witness on probation may properly be questioned about whether he "has a desire to testify so as to please the authorities who have some discretion over his probationary status.. . ." The trial court improperly foreclosed Williams's attorney from arguing a crucial aspect of the defense.
We do not find harmless error. Leb's credibility was crucial to that portion of the charge alleging that Williams committed a battery upon him during the course of the burglary.
Reversed and remanded for a new trial.
FARMER, KLEIN and GROSS, JJ., concur.