LAWSON, J.
 

 Vadhani S. Williams appeals from his convictions and sentences on charges of attempted second degree murder and aggravated assault with a firearm, entered following a jury trial. The only issue on appeal is whether the trial court erred by prohibiting Williams’ counsel from questioning the victim regarding a pending battery charge. We agree that the trial court committed the error, but find it to have been harmless beyond a reasonable doubt, and affirm.
 

 “ ‘[Wjhen charges are pending against a prosecution witness at the time he testifies, the defense is entitled to bring this fact to the jury’s attention to show bias, motive or self-interest.’ ”
 
 Larkins v. State,
 
 655 So.2d 95, 99 (Fla.1995) (quoting
 
 Torres-Arboledo v. State,
 
 524 So.2d 403, 408 (Fla.1988),
 
 cert. denied,
 
 488 U.S. 901, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988));
 
 see also, Breedlove v. State,
 
 580 So.2d 605, 607-608 (Fla.1991). The trial judge’s contrary ruling seems to have been based upon a misimpression that the prosecution witness could only be impeached with questions about his pending criminal charge if he had already discussed the possibility of receiving favorable treatment in his case in exchange for his testimony at Williams’ trial. The rule is not so limited. Rather, “[t]o explore more subtle motivations, a defendant may cross-examine to bring out a witness’s hope to obtain favorable treatment from the state.”
 
 Williams v. State,
 
 912 So.2d 66, 68 (Fla. 4th DCA 2005).
 

 Although the trial court erred in precluding the defense from questioning the
 
 *337
 
 victim regarding his pending battery-charge, we find no reasonable probability that the additional impeachment in this case would have affected the verdict.
 
 See State v. DiGuilio,
 
 491 So.2d 1129, 1139 (Fla.1986). First, the victim’s trial testimony was consistent with his pre-trial statement to law enforcement — which preceded the facts giving rise to his pending battery charge by a number of months. Additionally, Williams shot the victim in a crowded area outside a club. In addition to the victim’s testimony, the State presented trial testimony from six eye witnesses. The testimony of all six witnesses was consistent with the victim’s testimony and with other corroborating evidence. Several of these witnesses further testified that they pursued Williams after seeing him shoot the victim and flee. Together, they blocked Williams’ entry into a car, disarmed him and held him until law enforcement arrived and arrested him at the scene. Because we find the error to have been harmless beyond a reasonable doubt, we affirm.
 
 Id.
 

 AFFIRMED.
 

 GRIFFIN and COHEN, JJ., concur.