LAGOA, J.
Serge Jean (“Jean”) appeals from convictions and sentences for escape, felony possession of methamphetamine and cocaine, and misdemeanor possession of marijuana. Because the trial court abused its discretion in limiting defense counsel's closing argument, we reverse the convictions, vacate the sentences and remand for a new trial.
I. FACTUAL AND PROCEDURAL HISTORY
The charges against Jean stem from an incident during which an officer, who stopped to investigate Jean and several others standing in front of a house, observed Jean discard drugs on the ground. Jean was arrested, handcuffed and placed in the back seat of a police car for transport to the police station. During transport, the car door opened and Jean either fell or jumped from the car. The officer stopped the car and told Jean not to move. Instead, Jean got up and ran away. Approximately ten minutes later Jean was returned to custody.
Jean testified at trial and presented his version of the events, including his denial that he possessed drugs or threw them on the ground. Jean further explained the circumstances under which he fell from the car and why he ran from the officer. During closing argument, defense counsel attempted to argue that it was within the province of the jury to determine whether Jean was in lawful custody for the purpose of the escape charge.[1] The trial court, *786 however, sustained the State’s objection and did not permit the defense to proceed with this argument. Jean was found guilty of the escape and possession charges, and this appeal ensued.
II. ANALYSIS
On appeal, Jean argues that the trial court improperly prohibited defense counsel’s closing argument concerning lawful custody. We agree. “The purpose of closing argument is to help the jury understand the issues presented in a case by applying the evidence to the applicable law.” Goodrich v. State, 854 So.2d 663, 664 (Fla. 3d DCA 2003). Counsel should be permitted to present all legitimate arguments. See Thomas v. State, 748 So.2d 970, 984 (Fla.1999); Rogers v. State, 844 So.2d 728, 733 (Fla. 5th DCA 2003). In so doing, the trial court must afford counsel wide latitude in presenting the closing argument. See Ford v. State, 802 So.2d 1121 (Fla.2001); Williams v. State, 912 So.2d 66 (Fla. 4th DCA 2005); Goodrich, 854 So.2d at 664. It is within the trial court’s discretion to determine whether counsel’s argument is improper. See Bigham v. State, 995 So.2d 207, 215 (Fla.2008). However, a trial court abuses its discretion when it fails to afford such latitude to defense counsel and, as a result, counsel is precluded from presenting his or her theory of the case to the jury. See Goodrich, 854 So.2d at 665; Hendrickson v. State, 851 So.2d 808 (Fla. 2d DCA 2003). The trial court’s limitation here amounted to just such an abuse of discretion.
Of particular concern to this Court is the fact that the jury instruction for the escape charge is as follows:
To prove the crime of escape, the State must prove the following three elements beyond a reasonable doubt: Number one, Serge Jean was under arrest and in the lawful custody of a law enforcement official. Number two, while a prisoner, Serge Jean was being transported to or from a place of confinement. Number three, Serge Jean escaped or attempted to escape by running away from a law enforcement officer, intending to avoid lawful confinement. “Transportation to a place of confinement” begins at the time an individual is placed under arrest. An “arrest” takes place when the arresting officer intends to arrest; the arresting officer actually or constructively seizes the person to be arrested; the officer’s intent to arrest is communicated by the arresting officer to the person to be arrested; and the person to be arrested understands that communication. An “arrest” does not require that the law enforcement officer complete the act of acquiring total physical control over the person to be arrested.
(emphasis added).
Defense counsel’s argument concerning legal custody was permissible in this case because the jury was instructed to consid *787 er this issue. See Marman v. State, 814 So.2d 1158, 1159 (Fla. 2d DCA 2002) (“If an instruction is given to the jury, counsel must be given an opportunity to address the jury on the matter.”); see also Seckington v. State, 424 So.2d 194, 195 (Fla. 5th DCA 1983) (“Even though it is not the prerogative of an attorney in his closing arguments to instruct the jury on the law, it is entirely appropriate for an attorney to relate the applicable law to the facts of the case.”); Taylor v. State, 830 So.2d 91, 93 (Fla. 1st DCA 1976) (“An attorney should ... be allowed to explain to the jury those instructions which are relevant to his theory of the case and to emphasize any portion of the jury charge that he feels to be pertinent.”); United States v. Hall, 77 F.3d 398, 401 (11th Cir.1996) (holding that counsel is permitted “point out legal concepts that will be included in the jury charge”), abrogation on other grounds recognized by Hunter v. United States, 559 F.3d 1188, 1190 (11th Cir.2009), judgment vacated, — U.S. —, 130 S.Ct. 1135, — L.Ed.2d — (2009).
Here, the trial court instructed the jury to determine whether, in pertinent part, the State had proven the following element beyond a reasonable doubt: “Serge Jean was under arrest and in the lawful custody of a law enforcement official.” (emphasis added). See Applewhite v. State, 874 So.2d 1276, 1278 (Fla. 5th DCA 2004) (stating that “[t]he elements of [escape include whether] defendant was a prisoner, which is defined as any person who is under arrest and in the lawful custody of a law enforcement official”); see also State v. Ramsey, 475 So.2d 671, 672 (Fla.1985) (“ ‘For conviction under the escape statute, the state need show only (1) the right to legal custody and (2) a conscious and intentional act of the defendant in leaving the established area of such custody.’ ” (quoting State v. Akers, 367 So.2d 700, 702 (Fla. 2d DCA 1979))). Therefore, “the defense [should have been given] the opportunity to argue to the jury for a decision based on the law as instructed, no matter how far-fetched the argument might be.” Marman 814 So.2d at 1159. Cf. Bigham, 995 So.2d at 214-15 (holding that trial court did not abuse its discretion in forbidding defense counsel’s argument as to dismissed charges as those charges “were no longer germane to the jury’s consideration”). Accordingly, we find that the trial court abused its discretion in prohibiting the lawful custody argument and the escape conviction must be reversed.
In addition, because the trial court precluded the argument at issue, we are compelled to reverse the drug possession convictions. The jury may have concluded from the trial court’s ruling that this was not an issue for the jury and that the trial court had deemed that Jean’s custody for drug possession was lawful, and therefore, Jean did possess drugs, as the State contended. See Conde v. Henry, 198 F.3d 734, 739 (9th Cir.1999) (holding that the limitation of counsel’s closing argument violated defendant’s right to present a defense and relieved the prosecution of the burden to prove its case). Based on the foregoing, we reverse the convictions, vacate the sentences, and remand for a new trial on the escape and drug possession charges.[2]
Reversed and remanded.

. Specifically, defense counsel argued:
MR. BARROW: Folks it's our contention that Mr. Jean was not in lawful custody.
*786 MR. HOPPLE: Objection.
THE COURT: Sustained.
MR. BARROW: You get the chance to decide.
MR. HOPPLE: Objection.
THE COURT: Sustained.
MR. BARROW: Judge I didn't finish my sentence.
THE COURT: Okay.
MR. BARROW: You get a chance to determine, and decide who was credible from that chair. You heard me ask the officer Detective Zarga (phonetic) — you have saw (sic) his answers when I asked them — I had to ask three, four, five times the same question. He didn't want to answer it. Why? It wouldn’t look good if he answered the questions that I asked. He volunteered other answers to different questions I didn't ask. Members of the jury, you didn't leave your common sense out. You didn't leave. I ask that you find that my client is not guilty of those charges. Thank you.

. Because Jean will be retried on the escape charge, we note that the crime of escape was complete when Jean ran from the officer. See Gaskin v. State, 869 So.2d 646, 647 (Fla. 3d *788 DCA 2004). Therefore, the fact that Jean was once again in custody within a short time does not preclude a conviction for escape.