SCHOONOVER, Chief Judge.
The appellants, Fred Campbell and F & M Campbell, Inc., challenge a final summary judgment entered in favor of the appel-lees, Edward H. Smith and William Smith. We reverse.
The appellees filed a multicount complaint seeking damages from the appellants for breach of an agreement for the sale of a business. The appellants admitted that they had defaulted on the promissory note executed in connection with the sale, but raised the defense of settlement in response to the appellees’ claim for a deficiency judgment. The trial court granted the appellees’ motion for summary judgment, foreclosed the appellants’ interest in the property, and entered a deficiency judgment against them. This timely appeal followed.
As stated in Gomes v. Stevens, 548 So.2d 1163 (Fla. 2d DCA 1989), a motion for summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla.R.Civ.P. 1.510(c). Furthermore, the burden is on the party moving for a summary judgment to demonstrate conclusively that the nonmoving party cannot prevail. Gomes; Snyder v. Cheezem Dev. Corp., 373 So.2d 719 (Fla. 2d DCA 1979). If the record reflects the existence of any genuine issue of material fact, or the possibility of any issue, or if the record raises even the slightest doubt that an issue might exist, summary judgment is improper. Gomes; Snyder. In this case, the appel-lees did not carry this burden and material issues of fact concerning settlement and the amount of damages, if any, remain to be decided by the trier of fact.
We, accordingly, reverse the final summary judgment and remand for proceedings consistent herewith.
CAMPBELL and PARKER, JJ., concur.