FRANK, Acting Chief Judge.
Joel Ingram, Steven Ingram and AIS, Inc., challenge a final summary judgment entered in favor of Robert Brookins and Brookins Communications, Inc. We reverse.
Joel Ingram and Robert Brookins formed Advanced Information Systems, Inc. (AIS) for the purpose of marketing Sony business machines in Pinellas and Pasco Counties. In March of 1984, Brookins agreed to sell and transfer his interest in AIS to Ingram. Ingram paid Brookins $5,000, and tendered a promissory note in the amount of $45,000 for the balance of the purchase price. Execution of the note by Ingram and his son Steven occurred coincident with execution of the buy-sell agreement; the note was incorporated into that agreement by reference. The agreement was to expire upon satisfaction of the note or upon the express agreement of the parties. The agreement contained a non-competition covenant pursuant to which the parties agreed not to invade the other’s territory. On April 22, 1986, Ingram sued Brookins, claiming that Brookins had breached the covenant not to compete. Brookins filed an answer denying the allegations. In response to Brookins’ alleged contract violation, Ingram ceased payment on the note. Brookins then amended his answer to add a counterclaim alleging breach of the promissory note.[1] Brookins thereafter sought summary judgment to enforce the note. The trial court granted Brookins’ motion, finding that Ingram had pleaded no “legally recognizable defenses” to the counterclaim, thus obligating him to satisfy the note. The summary final judgment also imposed joint and several liability upon Steven Ingram for payment of the note. Our review of this matter convinces us that genuine issues of material fact are inherent *387 in this proceeding. We vacate the final summary judgment.
We agree with the trial court that when the maker of a promissory note presents no defense against its enforcement, summary judgment is an appropriate procedural device. See Seaman v. V.I.P. World Travel, Inc., 487 So.2d 342 (Fla. 2d DCA 1986); McNutt v. Sherrill, 141 So.2d 309 (Fla. 3d DCA 1962). We reject, however, the trial court’s conclusion that no defense was raised by Ingram. In his answer to Brookins’ counterclaim, Ingram urged Brookins’ breach of the covenant not to compete as the basis for relief from liability on the note and submitted an affidavit in which he averred that payment of the note was contingent upon Brookins’ compliance with the underlying agreement. Although we find that an affirmative defense would have been the preferred technique for Ingram to challenge enforcement of the note, see Popwell v. Abel, 226 So.2d 418 (Fla. 4th DCA 1969), we agree with Ingram that the trial court should not have restricted its consideration of the summary judgment motion to the pleadings. See Gomes v. Stevens, 548 So.2d 1163 (Fla. 2d DCA 1989). The transcript of the hearing on the motion for summary judgment reveals that the court confined its inquiry to “the four corners of [the] note” — and paid no heed to the buy-sell agreement. To determine liability under the note, the trial court should have considered “all of the documents between the parties constituting the entire transaction as distinguished from merely [examining] the promissory note as an isolated segment of the transaction.” Johnson v. Smith, 84 So.2d 722, 725 (Fla.1956).
Furthermore, pursuant to section 3-119 of the Uniform Commercial Code, writings executed as part of the same transaction are generally to be read together as part of a unified undertaking. § 673.119, Fla.Stat. (1983). We recognize, of course, that circumstances may exist disclosing that contemporaneously executed and interrelated documents are independently enforceable without reference to each other. U.C.C. § 3-119, Official Comment 3 (1967). That determination, however, is to be predicated upon evidence revealing the intention of the parties at the time of the documents’ execution. Ingram maintains that compliance with the non-competition provision was a condition to his liability under the note. Brookins, on the other hand, contends that the note represents an obligation free from the terms of the buy-sell agreement. It is our view that the question of whether Ingram’s continued payment of the note was contingent upon performance of all the terms of the buy-sell agreement created a genuine fact issue precluding summary judgment. See Campbell v. Smith, 571 So.2d 91 (Fla. 2d DCA 1990).
Finally, the trial court determined that Steven Ingram was jointly and severally liable for payment of the note because of his unrestricted execution of it. Steven, too, contends that the buy-sell agreement should have been read in conjunction with his liability as a guarantor of the obligation. The buy-sell agreement measures his liability by the equity, if any, he might possess in AIS. The buy-sell contract provides in pertinent part that:
[Joel] Ingram shall not transfer any shares now owned by him or acquired by him under the terms of this agreement except to his son Steven D. Ingram. In the event of such a transfer ... Steven D. Ingram agrees to be bound by the terms of this agreement. Further Steven D. Ingram agrees in that event to endorse and personally guarantee a portion of the then unpaid balance of the promissory note ... in an amount [to be determined through a formula based upon the amount of stock Steven Ingram received from his father], (emphasis added).
It is true that the note executed by Steven is without any limiting terms affecting his responsibility for its payment. Here, again, the resolution of Steven’s responsibility for the note cannot be determined without reference to the buy-sell agreement. Thus, the conflict between the note and the buy-sell agreement will turn upon the evaluation of evidence developed in the course of a trial. This dispute is not capa *388 ble of determination upon a motion for summary judgment.
Accordingly, we vacate the final summary judgment and remand for proceedings consistent with this opinion.
PARKER and PATTERSON, JJ., concur.

. The pleadings were amended also to include Steven Ingram as a counterdefendant.