854 So.2d 663 (2003)
Kenny GOODRICH, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D01-3338.
District Court of Appeal of Florida, Third District.
June 11, 2003.
Rehearing Denied September 19, 2003.
*664 Robbins, Tunkey, Ross, Amsel, Raben, Waxman & Eiglarsh and Benjamin S. Waxman, for appellant.
Charles J. Crist, Jr., Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before LEVY, FLETCHER, and SHEVIN, JJ.
PER CURIAM.
Kenny Goodrich, Defendant below, appeals from a conviction and sentence for aggravated battery with a motor vehicle, violation of condition of pre-trial release, and tampering with a witness. We reverse.
The instant case stems from an incident involving the Defendant and Raisa Ferrer. The three witnesses at trial were Ferrer, the Defendant, and the police detective who investigated the case. Ferrer and the Defendant provided dramatically different characterizations of the incident in question, and the credibility of the witnesses was a major issue at trial. The Record reflects that, on fourteen separate occasions during defense counsel's approximately 25-minute closing argument, the trial court instructed defense counsel to either "move on," "move along," "let's move," or "let's go." Clearly, the trial court wanted defense counsel to "move on" to another point in his argument. On appeal, the Defendant contends that these restrictions imposed by the trial court during defense counsel's closing argument prevented defense counsel from fully addressing both the credibility and potential biases of Ferrer and the police detective. We agree.
The purpose of closing argument is to help the jury understand the issues presented in a case by applying the evidence to the applicable law. See Murphy v. Int'l Robotic Systems, Inc., 766 So.2d 1010, 1028 (Fla.2000) (quoting Hill v. State, 515 So.2d 176, 178 (Fla.1987)). Attorneys should be given great latitude in presenting their closing arguments, but they are required to confine their argument to the facts and evidence presented to the jury, and all logical deductions therefrom. See Murphy, 766 So.2d at 1028 (quoting Knoizen v. Bruegger, 713 So.2d 1071, 1072 (Fla. 5th DCA 1998)); see also Crump v. State, 622 So.2d 963, 972 (Fla.1993). The control of comments made to the jury by counsel is within the discretion of the trial court, and an appellate court will not interfere unless a party demonstrates an abuse of discretion. See Crump, 622 So.2d at 972 (citing Occhicone v. State, 570 So.2d 902, 904 (Fla.1990), cert. denied, 500 U.S. 938, 111 S.Ct. 2067, 114 L.Ed.2d 471 (1991)). In the instant case, *665 the trial court abused its discretion through repeatedly telling defense counsel to "move on" throughout the closing argument, thereby preventing defense counsel from arguing his theory of the case.
In Herring v. New York, 422 U.S. 853, 862, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975), the United States Supreme Court explained the purpose of closing argument as follows:
It can hardly be questioned that closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. For it is only after all the evidence is in that counsel for the parties are in a position to present their respective versions of the case as a whole. Only then can they argue the inferences to be drawn from all the testimony, and point out the weaknesses of their adversaries' positions. And for the defense, closing argument is the last clear chance to persuade the trier of fact that there may be reasonable doubt of the defendant's guilt.
Herring, 422 U.S. at 862, 95 S.Ct. 2550 (citing In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)). Moreover, some courts have further explained that preventing defense counsel from arguing her theory of the case violated a defendant's right to effective assistance of counsel and right to present a defense. See, e.g., United States v. Kellington, 217 F.3d 1084, 1100 (9th Cir.2000) (citing Conde v. Henry, 198 F.3d 734, 739 (9th Cir.1999)). In the instant case, the credibility and biases of the witnesses who testified at trial were central to the Defendant's theory of the case. By preventing counsel from arguing those issues fully, the trial court denied the Defendant the right to effective assistance of counsel and certainly hindered the defense counsel's "last clear chance" to persuade the jury that there may be reasonable doubt of the defendant's guilt.
Finally, as an entirely separate matter, it should be noted that a trial court should avoid making a remark within earshot of the jury that is capable "directly or indirectly, expressly, inferentially, or by innuendo" of conveying any impression as to the view it takes of the case or that indicates an opinion as to the weight, character, or credibility of the evidence adduced. Brown v. State, 678 So.2d 910, 911 (Fla. 4th DCA 1996) (quoting Raulerson v. State, 102 So.2d 281 (Fla.1958)). Also, "judges must make sure that their conduct and comments do not lead to even the appearance of bias." Foster v. State, 778 So.2d 906, 917 (Fla.2000) (citing Peek v. State, 488 So.2d 52 (Fla.1986)). Here, in addition to the interference with defense counsel's closing argument, the trial court's actions raise a concern because of the number of times that the trial court told defense counsel to "move on". It is not beyond the realm of possibility that, after hearing the trial court constantly implore defense counsel to "move on," the jury may have been given the impression that the trial judgethe only other neutral party in the courtroomdid not care for counsel's argument.
Accordingly, for the foregoing reasons, the conviction below is reversed and this cause is remanded for a new trial.
Reversed and remanded.