851 So.2d 808 (2003)
Steven Todd HENDRICKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1304.
District Court of Appeal of Florida, Second District.
July 30, 2003.
*809 Christopher N. Ligori, Tampa, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
COVINGTON, Judge.
This appeal consolidates two cases. Steven Hendrickson appeals his convictions in case CF01-4604, for possession of methamphetamine with intent to deliver and driving while license suspended or revoked, and in case CF01-6838, for knowingly driving while license suspended or revoked and trafficking in amphetamine. We reverse in the first case and affirm in the second.
Hendrickson raises five issues in his appeal of case CF01-4604. We find merit in one.
On July 10, 2001, a confidential informant telephoned Hendrickson to set up a methamphetamine purchase as part of an undercover investigation. Two detectives hid in the bathroom at the informant's house before Hendrickson arrived. They could not see the area in which the alleged transaction occurred. They waited in the bathroom for a short time after they heard Hendrickson's knock on the door of the residence. Then, they walked through a hallway and into the dining room. From there they saw Hendrickson in the living room standing on the other side of a table from the informant.
Hendrickson was holding a clear plastic baggie containing suspected narcotics, and the detectives saw more baggies and suspected drug paraphernalia on the table. The officers searched Hendrickson and found no money. They took him into custody, and he was charged with trafficking in methamphetamines.
At trial, defense counsel's theory of the case was that the confidential informant brought the drugs and set up Hendrickson. Counsel intended to argue that the informant made it look like Hendrickson was trafficking because he wanted the police to resolve a pending charge against a friend of his in return for his help. One of the detectives testified Hendrickson told him he got the drugs from a woman who lived in another town. The other detective's testimony conflicted, however. He *810 testified that the first detective asked Hendrickson whether he had gotten the drugs from the out-of-town woman but that Hendrickson denied getting them from her.
Both detectives testified they had conducted only a cursory search of the confidential informant's residence, where the controlled buy was to take place. They did not search the confidential informant's person. One of the detectives testified the informant's motive for participating was his hope that his friend's charges would be resolved in return.
After the defense rested, the trial court granted the State's motion in limine prohibiting defense counsel from arguing in closing that the drugs Hendrickson was accused of selling belonged to the confidential informant. The court ruled the inference that the drugs belonged to the informant was not reasonable. The court concluded that inferences had to be based on evidence. While there was no evidence that the drugs came from the informant, there was some evidence that Hendrickson brought them. The court relied on the one detective's testimony that Hendrickson told him the drugs in the bag came from a woman who lived in another town.
Hendrickson argues the trial court erred in granting the motion in limine prohibiting this argument. We agree. Defense counsel is not limited to arguing defenses for which there is direct evidence. As the Fifth District wrote in Rogers v. State, 844 So.2d 728, 733 (Fla. 5th DCA 2003):
It [is] not Appellant's burden to prove his innocence. A reasonable doubt might occur when evidence is lacking or when it is discredited. Therefore, a defense lawyer's duty during closing is to challenge the sufficiency and credibility of the State's proof. Counsel is free to argue these issues using all reasonable inferences that might be drawn from the evidence.
Here, defense counsel's theory of the case was that there was a reasonable inference that could be drawn from the evidence. The detectives did not search the informant, despite the fact that it was standard procedure to do so. They did not witness the transaction, and their testimony conflicted as to whether Hendrickson admitted or denied having obtained the drugs he allegedly sold the informant from the out-of-town woman. Therefore, the trial court abused its discretion in ruling that the inference was unreasonable and improper to argue. See Goodrich v. State, 28 Fla. L. Weekly D1368, D1368, ___ So.2d ____, ____, 2003 WL 21340082 (Fla. 3d DCA June 11, 2003); cf. Teffeteller v. State, 439 So.2d 840, 845 (Fla.1983) (holding trial court has discretion to control counsel's comments at trial, including determining whether argument is permissible).
The trial court thus went beyond its scope of authority in prohibiting the defense from arguing this theory in closing. See Goodrich v. State, 28 Fla. L. Weekly D1368, ___ So.2d ____, 2003 WL 21340082 (Fla. 3d DCA June 11, 2003); Stockton v. State, 544 So.2d 1006, 1009 (Fla.1989). By preventing Hendrickson's counsel from arguing his theory, the trial court violated Hendrickson's right to effective assistance of counsel and "certainly hindered the defense counsel's `last clear chance' to persuade the jury that there may be reasonable doubt of the defendant's guilt." See id. at D1368-69, ___-___, 2003 WL 21340082 (citing United States v. Kellington, 217 F.3d 1084, 1100 (9th Cir.2000)); cf. Herring v. N.Y., 422 U.S. 853, 865, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975). It was the jury's province, and not that of the trial judge, to determine the strength or weakness of defense counsel's theory of defense. See Munez v. State, 643 So.2d 82, *811 83 (Fla. 3d DCA 1994) (citing Foster v. State, 464 So.2d 1214 (Fla. 3d DCA 1984)).
Accordingly, we reverse and remand for a new trial in case CF01-4604. We affirm the conviction in case CF01-6838 without discussion but note Hendrickson may have to be resentenced after retrial on case CF01-4604.
NORTHCUTT and CASANUEVA, JJ., concur.