875 So.2d 789 (2004)
Michael BARNES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-1516.
District Court of Appeal of Florida, Third District.
June 23, 2004.
Andrew F. Rier, for appellant.
Charles J. Crist, Jr., Attorney General, and Consuelo Maingot, Assistant Attorney General, for appellee.
Before RAMIREZ and SHEPHERD, JJ., and BARKDULL, THOMAS H., JR., Senior Judge.
PER CURIAM.
Michael Barnes appeals from a conviction for attempted first degree murder with a deadly weapon. The Record reflects that on twenty-one separate occasions during cross-examination and closing argument, the trial court interrupted defense counsel with instructions such as "move on," "next question," "let's go," or *790 "counsel sit down." Barnes contends that these limitations prevented his counsel from addressing the credibility of the State's key witness. We agree and reverse on the authority of Goodrich v. State, 854 So.2d 663 (Fla. 3d DCA 2003), which is directly on point.
In Goodrich, this Court reversed a defendant's convictions after a trial in which this same trial judge[*] instructed defense counsel on fourteen separate occasions "to either `move on,' `move along,' `let's move,' or `let's go.'" Id. at 664. As in that case,
the credibility ... of the [State's key witness was] central to the Defendant's theory of the case. By preventing counsel from arguing those issues fully, the trial court denied the Defendant the right to effective assistance of counsel and certainly hindered the defense counsel's `last clear chance' to persuade the jury that there may be reasonable doubt of the defendant's guilt.
Id. at 665.
We find no merit to any of the other arguments raised. Accordingly, Barnes' conviction and sentence are reversed and the case remanded for a new trial.
NOTES
[*] In fairness to the trial court, it should be noted that the opinion in Goodrich was not released until shortly after the conclusion of the trial in the instant case.