ROTHENBERG, J.
The defendant, Christopher Stepp, appeals from his convictions and sentences for first degree murder and attempted armed robbery. The sole issue he raises in this appeal is whether the trial court abused its discretion by precluding defense counsel from arguing in closing argument that the police detective failed to subpoena a witness’s phone records to corroborate his testimony that the defendant used several phones to call the witness on the night of the murder, and during one of these phone calls, the defendant confessed to the offenses charged. For the following reasons, we conclude the trial court did not abuse its discretion, and we therefore affirm.
First, when the State attempted to question the witness as to whether the defendant called him from multiple phone numbers, the defense objected and the trial court sustained the objection. This question perhaps could have established that either the State did not subpoena the phone records or, if they were subpoenaed, why law enforcement was unable to verify that the witness received calls from the defendant. Therefore, as the defense objection was sustained, error, if any, was invited.
Second, although defense counsel asked the detective whether he had the ability to subpoena phone records, after the detective responded that he did, defense counsel did not ask the detective if he had in fact subpoenaed the witness’s phone records. Thus, because there was no evidence introduced through testimony or otherwise that the detective did not subpoena the phone records, defense counsel’s argument regarding the detective’s *841 failure to subpoena the phone records would have been based on facts not in evidence, and clearly improper. See Merck v. State, 975 So.2d 1054, 1061 (Fla.2007) (“Closing argument is an opportunity for counsel to review the evidence and to explicate those inferences which may reasonably be drawn from the evidence.”); Goodrich v. State, 854 So.2d 663, 664 (Fla. 3d DCA 2003) (“Attorneys should be given great latitude in presenting their closing arguments, but they are required to confine their argument to the facts and evidence presented to the jury, and all logical deductions therefrom.”).
Accordingly, we conclude the trial court did not abuse its discretion in limiting defense counsel’s closing argument, and, therefore, we affirm the defendant’s convictions and sentences for first degree murder and attempted armed robbery.
Affirmed.